# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 7, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

154603(73)

RAKESH NAYYAR, Personal Representative
of the Estate of BIMLA NAYYAR, Deceased,
　　　　　　Plaintiff-Appellant,
v

OAKWOOD HEALTHCARE, INC., d/b/a
OAKWOOD HOSPITAL & MEDICAL CENTER,
　　　　　　Defendant-Appellee.
_____/

SC: 154603
COA: 329135
Wayne CC: 13-009819-NH

　　　　On order of the Court, the motion for reconsideration of this Court's July 14, 2017 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

　　　　MARKMAN, C.J. (*concurring*).

　　　　This case involves a remarkable confluence of what appears to be *both* medical and legal dereliction, resulting in an extraordinary miscarriage of justice.

　　　　Concerning the medical aspect, defendant hospital erroneously placed Bimla Nayyar's name on another patient's x-ray records, which led to unnecessary brain surgery being performed on Nayyar, a patient seeking treatment for a dislocated jaw. Nayyar died as a result, and defendant later conceded negligence.

　　　　Concerning the legal aspect, plaintiff's counsel, instead of pleading ordinary negligence and medical malpractice in the alternative as counselled by *Bryant v Oakpointe Villa Nursing Centre, Inc*, 471 Mich 411, 432-433 (2004), pleaded ordinary negligence (in which damages are uncapped) instead of medical malpractice (in which damages are capped). Defendant moved for summary disposition at trial, contending that plaintiff's claims sounded exclusively in medical malpractice, not ordinary negligence, and that plaintiff had failed to comply with the statutory notice and pleading requirements applicable to medical malpractice claims. The trial court granted this motion and the parties negotiated a stipulated order that dismissed plaintiff's ordinary negligence claim with prejudice, but stated that plaintiff was not precluded from bringing a medical malpractice claim. Plaintiff did not appeal the trial court's order but instead refiled the lawsuit as a medical malpractice action, and defendant conceded negligence so that the case proceeded to a jury only on the issues of causation of death and damages. At this second trial, plaintiff's counsel sought *again* to raise the (uncapped) ordinary negligence claim, and the trial court allowed plaintiff to amend the complaint to assert ordinary

negligence. During the course of the trial, plaintiff's attorneys repeatedly asserted that the claim being litigated was one for ordinary negligence, and they convinced the second trial court to enter a judgment that was unmoored from the statutory cap on damages applicable to a medical malpractice action. The jury eventually awarded damages of $20 million, necessarily a judgment for ordinary negligence. Defendant then moved for a judgment notwithstanding the verdict, arguing that the verdict was precluded by principles of collateral estoppel because it was predicated on ordinary negligence, a claim that had been dismissed with prejudice by the first trial court. This motion was denied by the second trial court, and defendant appealed and moved for peremptory reversal of the second trial court's decision. On appeal, the Court of Appeals granted defendant's motion, concluding that the second trial court's order allowing the amendment of the complaint to include a claim of ordinary negligence constituted an impermissible collateral attack on the first trial court's order dismissing the ordinary negligence claim. The Court of Appeals also held that plaintiff was precluded by collateral estoppel from raising the ordinary negligence claim in the second lawsuit because it had been fully litigated and disposed of by the unappealed final order in the first lawsuit. As a result, the Court of Appeals held that only the theory of medical malpractice remained available to plaintiff in the second lawsuit. The Court also proceeded to say that "where plaintiff unequivocally proceeded in this action under an ordinary negligence theory and the jury awarded damages under that theory, defendant was entitled to judgment notwithstanding the verdict[.]" *Nayyar Estate v Oakwood Healthcare*, unpublished order of the Court of Appeals, entered July 15, 2016 (Docket No. 329135).

To summarize, plaintiff now has no negligence claim and no medical malpractice claim, all despite the fact that (a) defendant-hospital openly admitted negligence, (b) a jury determined that this negligence constituted the proximate cause of plaintiff's death, and (c) a jury awarded plaintiff a $20 million verdict.

I concur in this Court's denial of plaintiff's motion for reconsideration because the Court of Appeals correctly held that plaintiff's prior stipulation to the dismissal of his negligence claim with prejudice precluded any recovery on that claim at a subsequent trial under the collateral attack rule and collateral estoppel. Yet the decedent's husband's plaintive inquiry nonetheless resonates loudly: "How is [this] possible in a just and fair world . . . ?" There is no satisfactory answer, in my judgment, only that further review of this matter might well be pursued in an appropriate action.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 7, 2018



Clerk

a0123